**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

CARRIE KETTERER,
KENNETH KETTERER,

        Plaintiffs,

v.

JASON MCCLAIN,
ELLIOT HARRIS,
RAYKO GOODREAU,
TANAYIA HUBLER,

        Defendants.

Case No. 26-CV-00174-SEH-JFJ

## <u>OPINION AND ORDER</u>

Before the Court is Plaintiffs' complaint. [ECF No. 2]. Plaintiffs also filed a motion for leave to proceed *in forma pauperis*. [ECF No. 13]. In reliance upon the representations and information set forth in Plaintiffs' motion to proceed *in forma pauperis*, the Court finds that the motion should be granted. Plaintiffs are permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a). However, because Plaintiffs' request to proceed *in forma pauperis* is granted, the complaint is subject to screening under 28 U.S.C. § 1915(e). *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). All Plaintiffs' claims are either barred by

the *Rooker-Feldman*[1] doctrine or fail to state a claim upon which relief may be granted; therefore, this case is dismissed without prejudice.

## I. Discussion

Title 28 U.S.C. § 1915(e)(2) allows a district court to dismiss a case if:

(A) the allegation of poverty is untrue; or

(B) the action or appeal--

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

A *pro se* plaintiff's complaint must be liberally construed. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, liberal construction of a *pro se* plaintiff's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* Notwithstanding a *pro se* plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.*

---

[1] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (citation omitted). The standard for dismissals under § 1915(e)(2)(B)(ii) is the same as dismissals under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Id.* A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (citation modified). Nor will the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

Plaintiffs allege that their constitutional rights were violated when Defendants McClain and Harris, Sheriff and Deputy Sheriff for Nowata

County, seized several of their horses without a warrant, based on an alleged emergency veterinary examination. [ECF No. 2 at ¶ 11]. They further allege that the animals' health deteriorated once in State custody and under the care of Defendant Goodreau, a Nowata County animal control officer. [*Id.* at ¶ 16]. Plaintiffs allege that Defendants obtained a default forfeiture judgment in state court and secretly moved the animals to an undisclosed location. [*Id.* at ¶¶ 24, 39]. They further allege that Defendants initiated criminal proceedings against them by "acting in concert." [*Id.* at ¶ 44].

Plaintiffs assert § 1983 claims of unreasonable search and seizure, in violation of the Fourth Amendment (count one), violation of their due process rights under the Fourteenth Amendment (count two), retaliation for protected speech, in violation of the First Amendment (count three), state-created danger and deliberate indifference, in violation of the Fourteenth Amendment (count four), malicious prosecution, in violation of the Fourth Amendment (count five), conspiracy to deprive civil rights (count six), and state law claims for conversion and fraud (count seven). [ECF No. 2 at ¶¶ 29–51]. Plaintiffs seek declaratory judgment, monetary relief, injunctive relief, an order directing the U.S. Marshals Service to assist in locating and returning the animals to Plaintiffs, and an order holding that the forfeiture judgment is void. [*Id.* at 11–12].

4

Because the *Rooker-Feldman* doctrine bars claims "inextricably intertwined" with a state court judgment, all but one of Plaintiffs' claims are dismissed for lack of subject-matter jurisdiction. The complaint indicates that the state civil forfeiture case reached final judgment. [ECF No. 2 at ¶¶ 20–21]. *Rooker-Feldman*'s jurisdictional bar applies when "(1) the plaintiff lost in state court, (2) the state court judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review and reject the state court judgment." *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 746 (10th Cir. 2023). "When these predicates are present, lower federal courts lack subject matter jurisdiction." *Graff v. Aberdeen Enterprizes II, Inc.*, 65 F.4th 500, 514–15 (10th Cir. 2023) (citing *Lance v. Dennis*, 546 U.S. 459, 464 (2006)). The jurisdictional bar of *Rooker-Feldman* is claim specific. *Id.* (citation omitted).

"To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment and thus jurisdictionally off limits under *Rooker-Feldman* [the court] must pay close attention to the relief the plaintiff seeks." *St. George v. Weiser*, No. 21-1399, 2022 WL 17999564, at *2 (10th Cir. Dec. 30, 2022) (quotation and brackets omitted). A federal claim is "inextricably intertwined with the state court judgment" when "a plaintiff seeks a remedy that would 'disrupt or undo' a state court judgment." *Id.* (quoting *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002),

overruled in part on other grounds by *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005)).

Here, Plaintiffs allege seizure of their animals (count one) that deprived them of their property interest and resulted in a forfeiture judgment (count two). [ECF No. 2 at ¶¶ 29–36]. They further claim that the animals were moved (count three), placed "into a position of danger" (count four), and that Defendants conspired to enter the forfeiture judgment (count six) while exercising control over the animals (count seven). [*Id.* at ¶¶ 37–42, 46–51]. These claims are "inextricably intertwined" with the state civil forfeiture action. If the Court were to rule that the animals were taken, moved, and forfeited against Plaintiffs' rights—as Plaintiffs request—it would be, in essence, concluding that the state court was wrong and rejecting the state courts' judgment (i.e., ruling that the state court action was incorrectly decided). At bottom, Plaintiffs' requested relief would "disrupt or undo" the judgment of the Oklahoma state court. This Court lacks jurisdiction to do so. Consequently, Plaintiffs' first through fourth, sixth, and seventh claims are dismissed for lack of subject-matter jurisdiction.

As to Plaintiffs' malicious prosecution claim (count five), the complaint fails to adequately plead with specificity all the required elements of a malicious prosecution claim against state officials. Therefore, this claim is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

Five elements are required for a § 1983 Fourth Amendment malicious prosecution claim: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Detreville v. Gurevich*, No. 24-1427, 2025 WL 1874587, at *6 (10th Cir. July 8, 2025) (quoting *Stonecipher v. Valles*, 759 F.3d 1134, 1146 (10th Cir. 2014)). "A malicious-prosecution claim is not cognizable until all the elements are satisfied." *Margheim v. Buljko*, 855 F.3d 1077, 1085–86 (10th Cir. 2017). Chronologically, the last element "is termination of the original action in the § 1983 plaintiff's favor." *Id.* (citation omitted). This occurs "when the prosecution ends without a conviction." *Shrum v. Cooke*, 60 F.4th 1304, 1311 (10th Cir. 2023) (citing *Thompson v. Clark*, 596 U.S. 36, 39 (2022)).

Here, Plaintiffs fail to plead "favorable termination" and thus do not sufficiently state a malicious prosecution claim under 42 U.S.C. § 1983. In fact, Plaintiffs only make out two allegations concerning the baselessness of the prosecution. They claim "the probable cause affidavit was based on known falsehoods" and "[t]he prosecution was initiated with malice, as evidenced" by charges "filed three months after the civil seizure to pressure Plaintiffs." [ECF No. 2 at ¶¶ 44–45]. But "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice" to satisfy pleading standards. *Ashcroft*, 556 U.S. 662, 678 (2009). Therefore, the Court dismisses this claim without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court also finds that amendment would be futile. Therefore, the Court dismisses this case without prejudice under *Rooker-Feldman* and 28 U.S.C. § 1915(e).

**IT IS THEREFORE ORDERED** that Plaintiffs' motion for leave to proceed *in forma pauperis* [ECF No. 13] is GRANTED. The complaint [ECF No. 2] is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted, as set forth above.[2] A separate judgment will enter.

DATED this 10th day of April, 2026.

Sara E. Hill
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court dismisses Plaintiffs' complaint, the motion for temporary restraining order [ECF No. 4], motion to compel [ECF No. 5], motion for appointment and authorization of U.S. Marshals Service to locate and recover evidence and property [ECF No. 6], motion for preservation of evidence and for judicial notice of pattern of official misconduct [ECF No. 14], motion to compel immediate disclosure of animal location and for order directing U.S. Marshals to assist in recovery of property [ECF No. 15], and motion for sanctions for spoliation of evidence and for order to preserve sale records [ECF No. 16] are moot.